IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN KRUEGER,

    Plaintiff,

v.

HURLEY P. LANDERS,

    Defendant.

OPINION and ORDER

Case No. 21-cv-146-wmc

*Pro se* plaintiff Kevin Krueger, who currently is incarcerated at Columbia Correctional Institution for killing his wife Tracy Krueger on February 15, 2016, has filed a proposed civil complaint against defendant Hurley P. Landers, claiming that Landers' alleged affair with his wife over many years caused her death. Because plaintiff's claims against the defendant are frivolous on their face, this case must be dismissed.

BACKGROUND

On September 24, 2019, Krueger entered into a no contest plea to the charge of first-degree intentional homicide for Tracey's death, as well as a charge of possessing a firearm as a convicted felon. *See State v. Krueger*, No. 2016CF61 (Columbia Cnty. Cir. Ct.). On January 29, 2020, Krueger was sentenced to one term of life imprisonment. While Krueger is currently pursing postconviction relief in Wisconsin state court, his state criminal convictions remain.

Nevertheless, purporting to invoke this court's jurisdiction under 28 U.S.C. §§ 1331 and 1332, Krueger now seeks to proceed against Landers on wrongful death and related claims. Because Krueger is proceeding without prepayment of the filing fee, the court is

1

required to screen his civil complaint under 28 U.S.C. § 1915 to determine whether he may proceed with the case.

## OPINION

As an initial matter, a federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Because Krueger has not identified a federal claim, nor can this court discern one, the court plainly lacks jurisdiction under 28 U.S.C. § 1331. Most importantly, Krueger does not allege that defendant Landers is a government actor, so he cannot bring a claim against him under 42 U.S.C. § 1983. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (for a defendant to be liable under § 1983, he must have intentionally caused the constitutional deprivation while acting under color of state law). Nor do his various allegations implicate any other federal statute that might permit him to bring a claim against Landers under § 1331.

As for jurisdiction under 28 U.S.C. § 1332, a federal court can generally exercise jurisdiction over state law claims if there is diversity jurisdiction and the amount in controversy exceeds $75,000. Specifically, Krueger alleges that Landers should be charged in the wrongful death of his wife and seeks monetary damages for her wrongful death, his loss of wages, loss of his relationship with his daughters, pain and suffering, and slander and defamation. Krueger further alleges that: he is a citizen of Wisconsin; Landers is a citizen of Tennessee and that the amount in controversy is $10,188,000. Even accepting

2

these allegations as facially sufficient to invoke this court's diversity jurisdiction, however, Krueger's claims must be dismissed as frivolous.

While plaintiff as a *pro se* litigant is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a claim is frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact when plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).

Here, Krueger alleges that his wife and Landers were having an affair for many years, which in turn, drove him "insane." (*See* dkt. #1-2, at 1.) Krueger further suggests -- without specifically alleging -- that Landers lied to the police investigating his wife's murder. Krueger also alleges at length, detailed deficiencies in the police's investigation of his wife's death, including failing to search Landers' vehicle and obtain a proper statement from him. Krueger further takes issue with the quality of his legal representation during his criminal case, claiming that he was effectively denied a fair trial.

However, Krueger cannot legally dispute the validity of his state criminal convictions by pursuing a claim against Landers, and none of Krueger's claims or allegations begin to suggest a plausible claim for relief under state law. First and foremost, Krueger has not actually alleged that Landers was directly responsible for his wife's death, and even if he were to do so, such an outlandish allegation in the face of his no contest pleas of guilty is barred as untimely since the statute of limitations for a wrongful death

3

action in Wisconsin is three years from the date of the person's death. Wis. Stat. § 893.57. As publicly available records show that the plaintiff's wife died in February of 2016, the court will take judicial notice that over five years elapsed before he filed this lawsuit in 2021.

Krueger's wrongful death claim also suffers from an even more fundamental problem. Wisconsin's Wrongful Death Statute states:

> Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death caused in this state.

Wis. Stat. § 895.03. Although Krueger lodges a litany of accusations against Landers' character, Krueger does not allege that Landers *caused* the death of his deceased wife.

More importantly, the Wisconsin Supreme Court has held that anyone who murders his or her spouse has no right to file a wrongful death action. *Steinbarth v. Johannes*, 144 Wis. 2d 159, 423 N.W.2d 540 (1988) ("[A] spouse who feloniously and intentionally kills his or her spouse is not a surviving spouse for purposes of the wrongful death statute, but instead is treated as though having predeceased the decedent."). While Krueger takes issue with the manner in which his criminal case proceeded, he obviously cannot deny his conviction of first-degree intentional homicide of his wife Tracey. Therefore, absent Krueger successfully challenging his conviction in state court, any wrongful death claim brought by Krueger is subject to immediate dismissal.

Finally, to the extent Krueger is actually seeking to sue Landers for having an affair with his deceased wife, there is no such cause of action. Although Wisconsin still has a statute in effect that criminalizes adultery, *see* Wis. Stat. § 944.16, that statute is enforced extremely infrequently and, in fact, conflicts with more recently promulgated Wisconsin statutes recognizing the right to privacy. *See* Wis. Stat. § 944.01 ("Although the state does not regulate the private sexual activity of consenting adults, the state does not condone or encourage any form of sexual conduct outside the institution of marriage."). Moreover, Wisconsin has specifically *abolished* a private cause of action for committing adultery. *See* Wis. Stat. § 768.01 (abolishing "[a]ll causes of action for breach of contract to marry, alienation of affections and criminal conversation"). In any event, the vast majority of Krueger's allegations and grievances in his complaint challenge the investigation of Tracy's death and his criminal proceedings, none of which involve defendant Landers.

Accordingly, Krueger's claim against Landers has no legal or factual basis. Since this lawsuit will be dismissed with prejudice as frivolous, this dismissal will be recorded as a "strike" under 28 U.S.C. § 1915(g).

On that last point, the court would be remiss in failing to note that the dismissal of this lawsuit appears to be Krueger's third strike. Specifically, Krueger filed two lawsuits in the Eastern District of Wisconsin in 2020, with each dismissed by that court as strikes. *See Kruger v. Divine Savior Hosp.*, No. 20-cv-1144, dkt. #12 (E.D. Wis. Oct. 14, 2020) (dismissed as frivolous); *Krueger v. Hill*, No. 20-cv-1145, dkt. #11 (E.D. Wis. Oct. 14, 2020) (dismissed as frivolous and malicious, and for lack of jurisdiction). Similar to this lawsuit, in *Krueger v. Hill* in particular, plaintiff sought leave to proceed against Tracy's

5

parents and sister because they lied about Tracy's alleged infidelity, and that complaint was also dismissed as frivolous. *Id.*, dkt. ##8, 9, 11.

Thus, Krueger is advised that in light of today's dismissal, he now is subject to the restriction of 28 U.S.C. § 1915(g), which prohibits a prisoner with three or more strikes – dismissals for filing a civil action or appeal that is frivolous, malicious or fails to state a claim – from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury.

ORDER

IT IS ORDERED that:

1) Plaintiff Kevin Krueger's complaint is DISMISSED as frivolous.

2) The clerk of court is directed to record this dismissal as a strike under 28 U.S.C. § 1915(g).

3) The clerk of court is directed to close this case.

Entered this 22nd day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge